UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATHEW ABRAHAM,

    Plaintiff,                                  Case No. 12-14402
                                                HON. GERSHWIN A. DRAIN

vs.

TRINITY HEALTH CORPORATION, an Indiana
not-for-profit corporation,

    Defendant.

_____/

<u>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [#16] AND
REQUIRING DEFENDANT TO SUBMIT PROTECTIVE ORDER</u>

**I.     INTRODUCTION**

This is a breach of Employment Agreement action filed by Plaintiff on October 4, 2012. Plaintiff claimed Defendant violated their Employment Agreement by not paying Plaintiff a bonus in 2008. Presently before the Court is Defendant's Motion for Protective Order filed on April 19, 2013. Defendant claims that Plaintiff's Notice of Taking Rule 30(b)(6) Deposition and Requests to Produce Documents was overly burdensome and sought irrelevant material. Plaintiff did not respond to this Motion. For the reasons below, Defendant is ordered to submit a proposed protective order.

**III.    LAW AND ANALYSIS**

Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense

. . . ." FED. R. CIV. P. 26(c). "While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition which values public access to court proceedings.'" *P&G v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. May 24, 2011) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

Defendant has demonstrated good cause for a protective order based on the irrelevancy of Plaintiff's requests. Plaintiff raises a single issue: whether he is entitled to a bonus under the ARC Plan for his last year of employment with Defendant. The answer to that question turns on whether or not Plaintiff received the positive reviews required for such a bonus. *See* Def.'s Mot. for Protective Order Ex. 2, at 6. The scope of discovery corresponds to the narrow nature of this case. *See* FED. R. CIV. P. 26(b)(1). Plaintiff's request, as portrayed by Defendant, "would require Trinity to produce multiple corporate representatives from across the country to testify to the historical operations, finances, personnel, goals, compensation and performance of Trinity Health (the parent entity) and all of its hospitals and executives at 47 separate locations nationwide. Moreover, the information sought stretches back 5 years or more." Def.'s Mot. for Protective Order 3-4.

Most of the information requested by Plaintiff is irrelevant and Defendant does not have to produce it. For example, Defendant's financial statement for 2008 is entirely

irrelevant to the question of whether or not Plaintiff is owed a performance based bonus. However, some of the requests by Plaintiff are relevant. The implementation of the ARC Plan in 2008 is relevant since it is possible the bonus plan was not administered equally amongst all employees. Further, information regarding Plaintiff's job performance is also relevant as it may provide a means for challenging the evaluation of Plaintiff's performance. In short, it would not be appropriate to grant a protective order covering all of Plaintiff's discovery request. As such, this Court requires Defendant to submit a proposed protective order for review with this order serving as guidance.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Protective Order [#16] is GRANTED.

Further, IT IS ORDERED that Defendant submit the proposed protective order via the utilities function on CM/ECF *no later than* May 17, 2013.

SO ORDERED.

Dated:  May 14, 2013

                                                S/Gershwin A. Drain
                                                GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk